**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 14, 2009

Charles R. Fulbruge III
Clerk

No. 09-50290
Summary Calendar

CANAL INDEMNITY COMPANY,

Plaintiff - Appellee

v.

ARTURO GALINDO, JR., doing business as Art's Transport Service; GUADALUPE KINISKEY; RUTH G. CANTU; HERLINDA SILVA-URTEAGA,

Defendants - Appellants

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:07-CV-70

Before HIGGINBOTHAM, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Canal Indemnity Company brought an action for a declaratory judgment that its policy did not cover an accident in Mexico. The district court granted summary judgment to Canal. We AFFIRM.

In 2007, the Defendants were involved in a two-vehicle accident on a highway in Mexico about one mile from the United States border. Canal insured

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

a tractor-trailer rig involved in the accident. It was owned by one Defendant, Arturo Galindo, Jr., and driven by another, Guadalupe Kiniskey. The other vehicle was driven by a third Defendant, Ruth Cantu, with the final Defendant, Herlinda Silva-Urteaga, as a passenger.

Two nearly identical statutes are at the center of the legal dispute. *See* 49 U.S.C. §§ 31138 and 31139. Both prescribe minimum financial responsibility to third parties for an insured who is engaged in certain types of transportation. Section 31139 is applicable to this accident. The other statute, Section 31138, nearly identical in language but applicable to different vehicles, has recently been interpreted by this court. Whether the same reasoning applies to the statute applicable here is the issue that confronts us.

The applicable statute is captioned "Minimum financial responsibility for transporting property." 49 U.S.C. § 31139. A provision, designated the "MCS-90 endorsement," is added to liability policies as a result of the statute's mandate. The endorsement does not expand upon the statutory language but instead requires payment of judgments "subject to the financial requirements" of this statute. So to determine the meaning of the MCS-90 endorsement, we must examine the statute. It imposes responsibility for certain categories of damages that arise from

> the transportation of property by motor carrier . . . in the United States between a place in a State and –
>
> (A)     a place in another State;
>
> (B)     another place in the same State through a place outside of that State; or
>
> (C)     a place outside the United States.

*Id.* § 31139(b)(1).

Certainly, this language refers to transportation on routes that include travel in Mexico. The Defendants, who wish to recover on the policy, argue that the phrase in the first part of the quoted language, "in the United States," is referring to motor carriers subject to the regulatory authority of the United States. They deny that the reference to this country should be seen as modifying the location of the necessary transportation.

In resolving this interpretive issue, we return to the point noted earlier, namely, that another similar statute has recently been analyzed by this court.

The other statute creates a mandate for "[m]inimum financial responsibility for transporting passengers." 49 U.S.C. § 31138. The relevant language is identical to that we just quoted from Section 31139, except that the word "passengers" is substituted for the word "property." The requirements of Section 31138 are applied through an endorsement, MCS-90B, which also refers to its relevant statute to define coverage. Although the two statutes and the endorsements admittedly govern different types of transportation, they are otherwise indistinguishable in form and language.

In ruling that there was no coverage, the district court relied chiefly on our decision interpreting Section 31138. *See Lincoln Gen. Ins. Co. v. De La Luz Garcia*, 501 F.3d 436 (5th Cir. 2007). *Lincoln* involved an automobile accident in Mexico in which third parties sustained injuries due to the alleged negligence of a motor carrier insured in the United States. *Id*. at 437-38. The insurance policy contained an MCS-90B federal endorsement. *Id*. at 438. We found that the language of Section 31138 limited coverage only to the portions of transportation that occur inside the United States. *Id*. at 442.

The Defendants suggest certain distinctions prevent the extension of the *Lincoln* analysis to this case. For example, Sections 31138 and 31139 were created by different legislative acts. We do not review that legislative history.

3

By using identical language in the two statutes to apply liability to passengers and to property, Congress gave the statutes an identical reach.

In addition to seeking to distinguish *Lincoln*, it is clear that the Defendants also re-argue the points resolved in that decision. We are bound by the prior panel's interpretation except to the extent we find a principled basis to distinguish it from this case. We find none.

The recommendations of the magistrate and the district court's responses to the Defendants' objections are sound. For the reasons more thoroughly explained in those rulings, we find that Section 31139 and the MCS-90 endorsement extend minimum financial responsibility only to the portions of transportation by a motor carrier or private carrier occurring within the United States. The district court's judgment is AFFIRMED.